

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. 0-4844
Re: Where there is insufficient
money in the Officers' Salary
Fund to pay the salaries and
other claims chargeable against
said fund, and there is in-
sufficient money in the
general fund to be transferred
to the Officers' Salary Fund,
what is the legal way to pay
the salaries and other claims
of the county officers, and
related questions?

        Your letter of September 15, 1942, requesting the
opinion of this Department on the questions therein stated
reads in part as follows:

        "Under Article 3912E the County Officers
of Polk County are compensated on a salary
basis under the Officers Salary Fund. I wish
for an opinion on the following questions:

        "'Where there are insufficient monies in
the Officers Salary Fund to pay the salaries
and other claims chargeable against same and
there are insufficient monies in the General
Fund to be transfered to Officers Salary Fund,
what is the legal way to pay the salaries and
other claims of the County Officers? Could
scrip be issued against the General Fund when
there is no money that could be transfered from
General Fund to the Officers Salary Fund?

Honorable E. L. Hinson, Jr., Page 2

"'Could the Commissioners Court transfer money from the Permanent Improvement Fund to the Officers Salary Fund if there is a surplus in the Permanent Improvement Fund until there is sufficient money in Officers Salary Fund to pay salaries of the county officers and transfer same back to the Permanent Improvement Fund?'"

Your first question as quoted above is identical to the questions considered in Opinions Nos. O-1431 and O-1494 of this Department. We think that these Opinions specifically answer your first question. Therefore, in answer to your first question we enclose copies of the above mentioned Opinions for your convenience.

In view of what is said in the two Opinions mentioned above, we respectfully answer your second question in the affirmative.

Your third question is respectfully answered in the negative. As our authority for answering your third question in the manner it is answered, we refer to the case of Carroll vs. Williams, 202 S.W. 504.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:nw

Enclosures

APPROVED SEP 23, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN